**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---

JOSÉ LUIS IRIZARRY MUÑIZ; BETSY
JEANNETTE PÉREZ RIVERA; RAIXA
ENID IRIZARRY PÉREZ; AND MINORS
K.J.I.P. AND X.D.I.P.,

    *Plaintiffs,*

       v.

ERIC RIVERA NAZARIO; JAIME
RODRÍGUEZ VEGA; ANGEL TORRES
QUIÑONES; EFRAÍN BURGOS MONTES;
DAVID COLÓN MARTÍNEZ; JOHN DOE;
FULANO DE TAL,

    *Defendants.*

CIV. NO. 11-1337(PG)

---

### OPINION AND ORDER

Co-plaintiff José Luis Irizarry Muñiz ("Muñiz") brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") claiming violations of his Civil Rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.[1] The violations allegedly stem from the acts of police brutality executed by the above-named Defendants, all of whom are officers of the Puerto Rico Police Department ("PRPD"). Muñiz alleges that on November 5, 2008 Defendants unlawfully assaulted him and his minor son José Luis Irizarry-Pérez (hereinafter "Irizarry-Pérez"), while they were peacefully celebrating the 2008 elections. In addition, Muñiz also asserts claims under Article 1802 of the Puerto Rico Civil Code ("Article 1802"). These claims are based on the physical and emotional damages he suffered as a result of Defendants' beatings, as well as the death of his minor son Irizarry-Pérez, who died from the injuries inflicted by Defendants.

In addition, Muñiz's wife Betsy Jeannette Pérez Rivera ("Pérez"), their minor daughters K.J.I.P. and X.D.I.P.,[2] and their daughter of legal age Raixa Enid Irizarry Pérez (Raixa Irizarry), also advance claims under

---

[1] He also brings claims alleging summary execution without process of his deceased minor son José Luis Irizarry-Pérez and failure to provide medical care to persons injured while being apprehended by law enforcement officers of the Puerto Rico Police Department (PRPD).

[2] Who are being represented by Muñiz and Pérez.

Article 1802 for their mental anguish and sufferings stemming from Defendants' acts of police brutality against Muñiz and Irizarry Pérez.

Before the Court is Co-defendants' Eric Rivera Nazario, Efrain Burgos Montes, David Colón and Jaime Rodríguez Vega's (hereinafter the "Co-Defendants") Motion to Dismiss Plaintiffs' Complaint. (Docket No. 14).[3] Plaintiffs filed a Response in Opposition, (Docket No. 15), and Co-defendants filed a Reply thereto. (Docket No. 19). Plaintiffs followed with a Sur-reply. (Docket No. 22). For the reasons set forth below, Co-defendants' Motion to Dismiss is **GRANTED.**

## I. BACKGROUND

### A. Factual Background

The Court draws the following facts from Plaintiffs' complaint and takes them as true for the purposes of resolving Defendants' Motion to Dismiss. See Docket No. 1.

On November 4, 2008 Muñiz claims that he and his minor son Irizarry Pérez were physically assaulted and subjected to acts of police brutality by PRPD officers without any cause or legal justification. At the time, Muñiz was peacefully celebrating together with other family members the 2008 elections in Yauco, Puerto Rico. After midnight, on November 5, 2008, while still celebrating, several agents of the PRPD who were wearing uniforms and others dressed as civilians, in particular Agent Torres Quiñones, intervened with Muñiz, forcing him to the ground, kicking and beating him with their police batons without any cause or justification. As his minor son Irizarry Pérez witnessed this act of police brutality, he attempted to deter the attack by complaining to other police agents in the area, but he was handcuffed, brought down to his knees and struck by Agent Torres Quiñones in the forehead and chest with a police baton. Upon receiving the impacts, Irizarry Pérez collapsed unconscious to the pavement. The intervening officers failed to offer aid to Irizarry Pérez and he was eventually rushed by a civilian to a nearby medical facility where he was declared dead as a result of his imposed injuries.

---

[3] Defendant Angel Torres Quiñones has not joined the Motion to Dismiss. In fact, he has hitherto failed to file any responsive pleading to Plaintiffs' Complaint, and the Court is unsure on whether he was adequately served with process in this action.

The other named Defendants, as well as other agents whose identities are presently unknown to the Plaintiffs,[4] joined the named Defendants by either participating or standing by and observing. Muñiz states that all of the officers at the scene, including the Defendants, joined to conspire in the cover up and concealment of the events that occurred that night by deliberately failing to identify Agent Torres Quiñones. Thereafter, Defendants Eric Rivera Nazario, Jaime Rodríguez Vega, Agent Torres Quiñones, Efraín Burgos Montes and David Colón Martínez were identified by several witnesses during the investigation conducted by the authorities (the local Special Investigations Bureau and the Federal Bureau of Investigation), as the police officers who directly intervened with Plaintiff Muñiz and his minor son, decedent Irizarry Pérez.

The Defendants John Doe and Fulano de Tal, police officers and/or employees or agents of the PRPD, also intervened with Plaintiff Muñiz and his minor son, decedent Irizarry Pérez and/or had specific duties with respect to supervising, assigning, monitoring, evaluating, training, and/or disciplining the other named Defendants and failed to take any action to prevent or correct the known deficiencies of these officers or failed to place them in positions where they would not have contact with the public. Muñiz claims that the careless disregard, omission and negligence of Officers John Doe and Fulano de Tal led to the other named Defendants' acts of reckless disregard of his rights and those of his minor son Irizarry Pérez, who died as a direct and proximate result of the grossly negligent and/or culpable actions and omissions of all the Defendants.

### B. Procedural Background

On April 13, 2011 Plaintiffs filed the above-captioned claim against Defendants pursuant to Section 1983 and Article 1802. Docket No. 1. Muñiz individually seeks redress for the injuries allegedly suffered by him as well as the mental anguish he suffered as a result of the death of his minor son Irizarry Pérez at the hands of Defendants PRPD officers Eric Rivera Nazario, Jaime Rodríguez Vega, Angel Torres Quiñones (hereinafter "Agent Torres Quiñones"), Efraín Burgos Montes, David Colón Martínez,

---

[4] Who are designated with the fictitious names of John Doe and Fulano de Tal on the complaint.

John Doe and Fulano de Tal. Muñiz claims these Defendants illegally
seized him and his son, used excessive force, violated his due process,
summarily executed his son without process, failed to provide medical
care to his injured son while he was being apprehended by law enforcement
authorities, and subjected him to cruel and unusual punishment, all in
violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the
United States Constitution. Lastly, the Plaintiffs altogether allege that
the Defendants' acts constituted a tort under Article 1802 of the Puerto
Rico Civil Code, and seek redress for their mental anguish and sufferings
stemming from Defendants' use of excessive force against Muñiz and
Irizarry Pérez.[5]

On December 30, 2011 co-defendants Eric Rivera Nazario, Efraín
Burgos Montes, David Colón and Jaime Rodríguez Vega, filed a Motion to
Dismiss pursuant to Federal Rule of Civil Procedure (FRCP) 12 (b)(6) for
failure to state a claim upon which relief may be granted and because
Plaintiffs failed to serve process within the term set by FRCP 4(m).
(Docket No. 14). Mainly, the Defendants argue that the Plaintiffs failed
to meet the pleading standard established by the U.S. Supreme Court in
Iqbal v. Ashcroft, 556 U.S. 662 (2009) and Bell Atlantic v. Twombly, 550
U.S. 544 (2007). In particular, they claim that Plaintiff Muñiz's factual
averments in the complaint fall short of stating a claim for an illegal
seizure pursuant to the Fourth Amendment of the United States
Constitution. The Defendants also claim that the allegations stated by
the Plaintiffs do not aver specific actions by any of the appearing
Defendants.

Plaintiffs opposed Defendants' request for dismissal on January 17,
2012. (Docket No. 15). Defendants filed a reply to Plaintiffs' opposition
on February 3, 2012. (Docket No. 19). On February 22, 2012 Plaintiffs
followed suit with a sur-reply. (Docket No. 22).

---

[5] Previously, on November 5, 2009 Plaintiffs filed a similar complaint numbered 09-2131 (JAG) against the same Defendants. Plaintiffs voluntarily dismissed that complaint on April 13, 2010. Docket No. 12 of Case No. 09-2131 (JAG). The judgment dismissing that case was entered on April 19, 2010. Docket No. 13. The allegations contained in the complaint at bar are the same as the ones made by Plaintiffs in their previous case, with the exception that now Muñiz and his wife do not claim to be the legal heirs of decedent Irizarry Pérez.

Before proceeding to discuss these issues, the Court outlines the relevant standard of review below.

## II. **STANDARD OF REVIEW**

Motions to dismiss brought under FRCP 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief.... this short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has ... held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

    "In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to FRCP 12(b)(6) "does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

    When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if ... a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550

U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

### III. DISCUSSION

The Court will first discuss Defendants' arguments for dismissing Plaintiffs' claims under section 1983, followed by a discussion on Defendants' argument for dismissal based on tardy service of process under FRCP 4(m).

**A. Muñiz's Section 1983 Claims**

Section 1983 creates "no independent substantive right, but rather, provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Montanez, 212 F.3d 617, 621 (1st Cir. 2000). Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when the deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 924 (1982)(internal quotation marks omitted). Liability under Section 1983 requires that the conduct complained of (1) be "committed by a person acting under color of state law" and (2) "deprived a person of rights, privileges or immunities secured by the Constitution of the United States." See Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on the grounds, Daniels v. Williams, 474 U.S. 327 (1986)). "To satisfy the second element, plaintiffs must show that the defendants' conduct was the cause in fact of the alleged deprivation." Rodríguez-Cirilo v. García, 115 F.3d 50, 52 (1st Cir. 1997). Moreover, there must be a direct casual connection between the defendants and the alleged constitutional violation. See Gutiérrez Rodríguez v. Cartagena, 882 F.2d 553 (1st Cir. 1989).

In addition to the foregoing, a plaintiff must also show that each individual defendant was involved personally in the deprivation of

constitutional rights because no respondent superior liability exists under Section 1983. See Colón Andino v. Toledo Dávila, 634 F.Supp.2d 220, 232 (D.P.R. 2009) (citing Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984)).

### 1. 4th Amendment

In the instant case, Muñiz brings an illegal seizure and excessive force claim under the Fourth Amendment, alleging that he was unlawfully beaten and assaulted while peacefully celebrating the 2008 elections. Co-Defendants assert that said claim should be dismissed for failure to state a plausible claim upon which relief can be granted. Docket No. 14.

The Fourth Amendment to the Constitution of the United States protects citizens against the use of unreasonable force, searches and seizures by the government. U.S. CONST. AMEND. IV. A seizure pursuant to this Amendment occurs when a police officer "has in some way restrained the liberty of a citizen" through "physical force or show of authority." Terry v. Ohio, 392 U.S. 1, 20 n.16. "To establish a Fourth Amendment excessive force claim, a plaintiff must show that the defendant employed force that was unreasonable under all the circumstances." Morelli v. Webster, 552 F.3d 12, 23 (1st Cir. 2009). When analyzing the reasonableness factor in an excessive force claim, the assessment should be objective, asking whether the officers' actions were "objectively reasonable' in light of facts and circumstances confronting them," without regard to their intent or motivation. Napier v. Town of Windham, 187 F.3d 177, 182-83 (1st Cir. 1999)(internal quotation marks omitted)(citing Graham v. Connor, 490 U.S. 386, 397 (1989)). The reasonableness of a particular use of force "must be judged from the perspective of a reasonable officer on the scene." Graham, 490 U.S. at 396.

In the complaint, Muñiz specifies how the beatings and seizure were made. Muñiz asserts that one of the officers that assaulted him and deprived him of his civil rights was Officer Torres Quiñones. When the facts in this case are examined in the light most favorable to him, it

seems that Officer Torres Quiñones did not confront such tense, uncertain or dangerous circumstances that would justify the use of excessive force. There is nothing in the record that suggests that Muñiz presented an immediate threat to the Officers or others. As Muñiz recites in his complaint, he was merely peacefully celebrating the 2008 elections when several agents of the PRPD, in particular Officer Torres Quiñones, proceeded to assault him. Thus, the Court concludes that Muñiz has raised sufficient allegations at this stage of the pleadings to demonstrate that Officer Torres Quiñones' actions were unreasonable under the circumstances.

However, the Court agrees with the appearing Co-Defendants that Muñiz has failed to plead any cause of action under the Fourth Amendment as to them. Co-Defendants point out that the factual allegations of the complaint do not show that Muñiz was seized, placed under arrest or assaulted by any of them. The complaint's factual allegations state that Muñiz was forced to the ground, kicked and beaten by several agents of the PRPD, of which he solely identifies Officer Torres Quiñones. Plaintiffs then claim that the other co-defendants were later identified by several witnesses during the investigation conducted as the police officers who directly intervened with Muñiz. These allegations fail to state that these Co-Defendants had any specific personal involvement in causing the alleged deprivation of his civil rights. The complaint does not even plead facts that are remotely consistent with the alleged liability of these Co-Defendants, as it does not impute them with any specific action aimed at violating Muñiz's civil rights. The complaint merely states that these officers were apparently present at the time Muñiz was beaten by Officer Torres Quiñones. Accordingly, the Court sees fit to **DISMISS** Muñiz's claims under the Fourth Amendment against all Defendants except Officer Torres Quiñones. See Hall v. Shipley, 932 F.2d 1147, 1154 (6th Cir. 1991)(Generally, mere presence at the scene of the alleged Fourth Amendment violation, without showing direct responsibility for the action, is not enough to give rise to § 1983 liability).

Civil No. 11-1337 (PG)                                          Page 10

As a result of the foregoing, the Court **GRANTS CO**Defendants' Motion to Dismiss and hereby **DISMISSES** Muñiz's Fourth Amendment claims against officers Eric Rivera Nazario, Jaime Rodríguez Vega, Efraín Burgos Montes and David Colón Martínez. Remaining before this Court is thus Muñiz's Fourth Amendment claim against Officer Torres Quiñones.

**2. 8th Amendment**

Co-plaintiff Muñiz'S complaint asserts cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution. Co-Defendants contend that such liability is inapposite because the Eighth Amendment is intended to protect convicted prisoners. Docket No. 19 at 4-5. The Court agrees.

The Eighth Amendment states that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. Amend. VIII. The Eighth Amendment only applies to actions against convicted prisoners, not private individuals. See Negrón Rivera v. Díaz, 679 F.Supp. 161 (1988); see also Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976). "The Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners, where the deliberate use of force is challenged as excessive and unjustified." Whitely v. Albers, 475 U.S. 312 (1982).

In the case at bar, Muñiz is a private individual that has not claimed to be a convicted prisoner. Thus, the Eighth Amendment is inapplicable to Defendants. Accordingly, the court finds the Muñiz's Eighth Amendment claim must be **DISMISSED.**

As a result of the foregoing, the Court **GRANTS** Co-Defendant's Motion to Dismiss as to the Eighth Amendment claim.

**3. 14th Amendment**

Muñiz further asserts that Defendants' actions violated his rights under the Fourteenth Amendment. He claims that the Defendants' use of excessive force "shocked the conscience," thus violating his substantive

due process rights under the Fourteenth Amendment. Co-Defendants respond that Muñiz's claim is really a Fourth Amendment claim as he alleges that he was the subject of a seizure, thus preempting his Fourteenth Amendment claim. They are correct.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. Amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment embodies a substantive component that provides protection against "government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986).

Substantive due process arises from the Fourteenth Amendment's protections against governmental deprivations "without due process of law." Williams v. Berney, 519 F.3d 1216 (10th Cir. 2008). Under this framework, due process protections are accorded primarily "to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 272 (1994). Moreover, the concept of substantive due process bars certain government conduct regardless of the fairness of the procedures used to implement it. Id. "In its substantive mode, the Fourteenth Amendment provides protection against arbitrary and oppressive government action, even when taken to further a legitimate governmental objective." Seegmiller v. LaVerkin City, 528 F.3d 762, 767 (10th Cir. 2008). Substantive due process doctrine is broadly divided into two areas, one "protects an individual's fundamental liberty interests, while the other protects against the exercise of governmental power that shocks the conscience." Id. The substantive due process is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Collins v. Harker Heights, 503 U.S. 115, 128 (1992).

However, the Supreme Court has held that "all claims that law enforcement officers have used excessive force, deadly or not, in the

course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham, 490 U.S. at 395; see also Estate of Bennet v. Wainwright, 548 F.3d 155 (1st Cir.2008). In other words, the protection afforded by the Fourth Amendment preempts the substantive due process protection guaranteed by the Fourteenth Amendment, if the use of force constituted a seizure within the context of the Fourth Amendment. Graham, 490 U.S. at 395. In contrast, if Muñiz was not seized, then the Fourth Amendment would not apply and the use-of-force claim would proceed under the substantive due process component of the Fourteenth Amendment.

A "seizure" which entitles a plaintiff to the Fourth Amendment's protection, occurs only when government actors have, "by means of physical force or a show of authority, . . . in some way restrained the liberty of a citizen …" U.S. v. Sealey, 30 F.3d 7, 9 (1st Cir. 1994)(citing Terry, 392 U.S. at 19 n. 16). "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physical intrusive governmental conduct, that Amendment, not the more generalized 'substantive due process,' must be the guide for analyzing these claims." Graham, 490 U.S. at 395. Furthermore, the First Circuit has held that "in an excessive force case, the threshold constitutional question is analyzed under the Fourth Amendment's objective reasonableness standard." Whitefield v. Meléndez Rivera, 431 F.3d 1, 7 (1st Cir. 2005).

The court concludes that Muñiz's claim is a Fourth Amendment claim as he was the subject of a seizure. It is evident from the complaint that Muñiz was subjected to excessive force acts which generated a seizure. Thus, a substantive due process claim cannot advance in this scenario, inasmuch as an alternative constitutional claim is available.

Accordingly, the court **GRANTS Co-**Defendants' petition that Plaintiffs' Fourteenth Amendment claim be **DISMISSED.**

### 4. 5th Amendment

Muñiz's complaint asserts liability pursuant to the Fifth Amendment to the United States Constitution. Defendants contend that such liability is inapposite because the Fifth Amendment Due Process Clause only applies to actions taken by the federal government, and not those of state or local governments. Docket No. 19 at 5.

The due process clause of the Fifth Amendment states that: "No person shall… be deprived of life, liberty or property, without due process of law…" U.S. CONST. AMEND. V. The Fifth Amendment only applies to actions of the federal government not those of private individuals or state governments. Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952); see also Martínez Rivera v. Sánchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007).

In the case at bar, only state police officers are named as defendants. Thus, there is no federal government action and the Fifth Amendment is inapplicable to Defendants. Accordingly, the Court finds that Plaintiffs' Fifth Amendment claim must be **DISMISSED**.

As a result of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss as to the Fifth Amendment claim.

## B. Irizarry Pérez's Section 1983 Cause of Action

Although the complaint is not quite clear, in the narrative Plaintiffs seem to claim compensatory damages against the Defendants for the alleged wrongful death of Muñiz's minor son, Irizarry Pérez. Docket No. 14 at 8. It seems that Plaintiffs are demanding compensatory damages from the Defendants on behalf of decedent Irizarry Pérez, since he was subjected by the Defendants to a "summary execution without process" and the Defendants failed to provide medical care to him while they apprehended him. Docket No. 1 at 8. Co-Defendants respond in their Motion to Dismiss that Plaintiffs' cannot maintain a cause of action for the deprivation of Irizarry Pérez's civil rights. They contend that Plaintiffs are not the legal heirs of Irizarry Perez since Irizarry Pérez had his own offspring. Docket No. 14 at 8. Co-Defendants are correct, and

the Court concludes that, as a result, Plaintiffs cannot inherit Irizarry Pérez's causes of action under either Section 1983 or Article 1802.

The current legal standard in Puerto Rico provides for the order of succession with regards to the inheritance of property as well as causes of action, in the event of death. By succession, the rights and obligations of the deceased are transmitted to the heirs. Ex parte Feliciano Suarez, 117 D.P.R. 402 (1986). Said inheritance "includes all the property, rights, and obligations of a person which are not extinguished by his death." P.R. Laws. Ann. tit. 31, § 2090; see also Catalá v. Coca Cola, 101 D.P.R. 608, 1 P.R. Offic. Trans. 837 (1973). The Puerto Rico Supreme Court has generally determined that a civil cause of action seeking redress for bodily injuries or moral suffering sustained prior to death may be transmitted to one's heirs so long as the cause of action is not so personalized that it depends on the continued natural life of the deceased. Viuda de Delgado v. Boston Ins. Co., 101 D.P.R. 598, 1 P.R. Ofic. Trans. 823 (1973). In this jurisdiction, a person who dies victim of the negligent acts or omissions of another transmits to her heirs all causes of action which she did not exercise, to recover adequate compensation for the physical and moral suffering which preceded her death. Id. This type of civil action does not constitute a very personal right which dies with the person, but rather constitutes patrimony transmitted to the decedent's heirs at the time of his death and which the latter may claim as part of their legitimate inheritance. Id.

The legal standard in Puerto Rico provides for the order of succession with regards to the inheritance of a cause of action in the event of death. Article 893 of the Civil Code of Puerto Rico states that a "succession pertains, in the first place, to the descending direct line." 31 L.P.R.A § 2641.   In determining whether family members of a decedent have standing to sue pursuant to Section 1983, this court has applied state law and determined that recovery for a decedent's own pain and suffering is available only to said decedent's heirs. In this case, a

state court has already found decedent Irizarry Pérez to be the father of two minor children. Docket No. 14, Exhibit 2, page 2. Therefore, under article 893, only these two minor children can claim to be the legal heirs of Irizarry Pérez and only they have standing to sue under Section 1983 for the pain and suffering borne by Irizarry Pérez before his death. [6] See Rossi-Cortés v. Toledo-Rivera, 540 F.Supp.2d 318 (D.P.R. 2008)(Children of victim shot and killed in brutal assault in Puerto Rico, as victim's immediate heirs, had standing to sue under Section 1983 as representatives of estate of victim, since victim suffered pain and discomfort prior to his death and law of Puerto Rico allowed victim's pain and suffering to transmit to his immediate heirs, who could bring action claiming damages for victim's pain).

Therefore, none of the present Plaintiffs can bring a section 1983 action on behalf of Irizarry Pérez because none of them are his legal heirs. In other words, Plaintiffs' do not have standing to sue. As a result of the foregoing, the Court **GRANTS** Co-Defendants' Motion to Dismiss and hereby **DISMISSES** Plaintiffs' Section 1983 claims, save for Muñiz's Section 1983 claim stemming from the violation of his own civil rights by Officer Torres Quiñones.

## C. Rule 4(m)of the Federal Rules of Civil Procedure

In their Motion to Dismiss, Co-Defendants claim that the Plaintiffs failed to serve process upon them within the term established by FRCP 4(m). Plaintiffs assert in their Opposition that an extension of time to serve summons was granted and service upon the appearing Defendants was effectuated within the extension granted.

Rule 4(m) provides for the service of process within 120 days after the complaint is filed. In addition, it states that if the plaintiff shows good cause, the court must extend the time for service for an appropriate period.

---

[6] The children of decedent Irizarry Pérez have already instituted a case before this Court to claim their inherited cause of action. See case No. 09-2121 (JAG).

The record reflects that originally the service of process was due on August 15, 2011. Docket No. 1. Summonses were issued as to represented Co-Defendants Efrain Burgos Montes, David Colón Martínez, Eric Rivera Nazario, and Jaime Rodríguez Vega on June 8, 2011. Docket No. 4. On July 7, 2011 the Plaintiffs moved for an extension of time to serve summons. Docket No. 5. Said request was granted by the Court on August 2, 2011, which set the Plaintiffs' service of process deadline due by October 14, 2011. Docket No. 6. Defendants Efrain Burgos Montes and Jaime Rodríguez Vega were served with summons on September 27, 2011. Docket No. 14 at exhibit 1, pages 1-4. Defendant David Colón Martínez was served with summons on September 28, 2011. Docket No. 14 Id., pages 5-6. Lastly, Defendant Eric Rivera Nazario was served with summons on October 3, 2011. Docket No. 14 Id., pages 7-8.

Due to the fact that Plaintiffs' service of process deadline was due by October 14, 2011, and the last Defendant was served 11 days before said deadline, the Court cannot conclude that Defendants were improvidently served.

### VI. CONCLUSION

For the reasons stated above, Co-Defendants' request for dismissal (Docket No. 14) is hereby **GRANTED.** Co-plaintiff Muñiz's claims under the Eighth, Fourteenth and Fifth Amendments are hereby **DISMISSED WITH PREJUDICE.** Co-Plaintiffs Muñiz's claim under the Fourth Amendment is **DISMISSED** against the appearing Co-Defendants except Officer Torres Quiñones. The Section 1983 claims brought on behalf of decedent Irizarry Pérez are hereby also **DISMISSED WITH PREJUDICE.** Therefore, the Court hereby orders that all claims against Co-Defendants Eric Rivera Nazario, Efrain Burgos Montes, David Colón and Jaime Rodríguez Vega be **DISMISSED.**

The Court will nevertheless exercise its discretion and entertain Plaintiffs' state law claims under Article 1802 of the Puerto Rico Civil Code against officer Torres Quiñones. Remaining before the Court is thus Muñiz's Section 1983, Fourth Amendment claim against Officer Torres Quiñones, as well as Plaintiffs' claims under Article 1802.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 3, 2012.


                                        s/ Juan M. Pérez-Giménez
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**